UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIKA PERNELL,

       Plaintiff,

    v.

Case No. 22-12246

HON. GEORGE CARAM STEEH

LEO'S CONEY ISLAND OF
WEST BLOOMFIELD,

       Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY
OF DEFAULT JUDGMENT (ECF NO. 9) AND GRANTING
DEFENDANT'S MOTION TO SET ASIDE DEFAULT (ECF NO. 15)

This employment action is before the Court on plaintiff Erika Pernell's

motion for entry of default judgment (ECF No. 9) and defendant Leo's

Coney Island West Bloomfield Inc's[1] motion to set aside clerk's entry of

default (ECF No. 15). The Court finds that service of process was not

properly made on defendant, and for the reasons further set out below,

plaintiff's motion for entry of default judgment is DENIED and defendant's

motion to set aside clerk's entry of default is GRANTED.

Plaintiff filed her complaint alleging race discrimination, retaliation,

and hostile work environment in her employment as a waitress at

_____

[1] The proper name of the defendant is Leo's Coney Island West Bloomfield, Inc. ECF No. 15, PageID.62.

defendant's restaurant (ECF No. 1). The Clerk issued a summons on September 23, 2023 (ECF No. 2). Plaintiff contends that she sent the complaint and a waiver of service to defendant via registered mail on November 22, 2022. Waiver of service was not returned so plaintiff then attempted personal service on "Abel Alasad", the registered agent, owner and an officer of defendant, on January 30, 2023. According to plaintiff, Mr. Alasad personally signed the bottom of the proof of service. However, defendant did not answer the complaint or otherwise appear in the case.

On May 24, 2023, plaintiff requested clerk's entry of default (ECF No. 7), which was entered the same day (ECF No. 8). On June 27, 2023, plaintiff moved for entry of default judgment (ECF No. 9). The Court ordered plaintiff to show cause that the lawsuit was properly served on defendant (ECF No. 10). Plaintiff responded that personal service was achieved on Mr. Alasad on January 30, 2023, pointing out Mr. Alasad's signature on the bottom of the proof of service (ECF No. 11). Upon further inspection, the Court noticed that the summons had expired prior to January 30, 2023. On July 14, 2023, the Court ordered plaintiff to show cause why her clams should not be dismissed for failing to serve the complaint within 90 days of issuance of the summons (ECF No. 12). The following week, defendant's counsel filed an appearance in the case (ECF No. 13).

Plaintiff responded to the Court's order to show cause, explaining that she reasonably "presumed [d]efendant would promptly respond to this matter" by returning the waiver of service because the parties are also involved in litigation in state court and service of process was mailed to the same location in that case. ECF No. 14, PageID.49. When that did not occur, plaintiff attempted personal service by process server.

On August 17, 2023, defendant filed a motion to set aside default (ECF No. 15). The issues have been fully briefed and upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2).

I.    Service of Process

"Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, No. 99-5018, at *5 (6th Cir. 2000) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Gov't,* 18 Fed.Appx. 285, 287 (6th Cir. 2001).

Federal Rule of Civil Procedure 4(e)(1) provides that service of

process may be performed in accordance with state procedural rules. The
relevant sections of Michigan Court Rule 2.105(D) provides that service of
process on a corporation may be made by:

> (1) serving a summons and a copy of the complaint on an officer or
> the registered agent; or

> (2) serving a summons and a copy of the complaint on a director,
> trustee, or person in charge of an office or business establishment
> of the corporation and sending a summons and a copy of the
> complaint by registered mail, addressed to the principal office of
> the corporation.

MCR 2.105(D)(1) provides for personal service of the summons and
complaint on an individual officer or resident agent of the corporate
defendant. In this case, there is a dispute whether personal service was
properly executed on January 30, 2023. Bisher Adel Alasad is the
President and a Director of Leo's Coney Island West Bloomfield, Inc.
(Alasad Affidavit at ¶ 2; ECF No. 15, PageID.62). However, the summons
is made out for "Leo's Coney Island of West Bloomfield," rather than in the
name and title of Mr. Alasad. Plaintiff nevertheless maintains that Alasad
personally signed the bottom of the waiver. Mr. Alasad disputes that he
was properly served. According to Alasad, one day he found a document
lying on the counter of the restaurant and was told by a member of his staff
that "some guy" came in and dropped it off. *Id*. at ¶ 3. He reviewed the
complaint and believed it was related to a similar pending state court

lawsuit filed by plaintiff. *Id*. at ¶ 4.

Regarding the signature at the bottom of the proof of service, the Court notes that upon casual inspection it looks more like the signature of the process server (ECF No. 16-2, PageID.76) than Mr. Alasad's signature (ECF No. 15, PageID.63). There is an issue of fact whether service was properly made on Mr. Alasad. However, even if a proper person was personally served, it is undisputed that the summons was expired when service was attempted. In addition, while a copy of the complaint was sent by registered mail, it is not clear that it was addressed to the principal office of the corporation, in compliance with MCR 2.105(D)(2). The certified mail receipt provided to the Court by plaintiff does not include a street address, but simply shows the addressee as "Leos Coney Island".

The Court finds that service of process was ineffective. However, defendant now has actual notice of the case and, rather than seeking dismissal, defendant moves to have the Clerk's entry of default set aside.

II.    Motion to Set Aside Entry of Default

Federal Rule of Civil Procedure 55(c) provides "[t]he court may set aside an entry of default for good cause . . . ." The Sixth Circuit has noted that a more lenient standard controls where there has been only an entry of default, and not an actual default judgment. *Shepherd Claims Serv. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Under Rule

55(c), the district court must consider three factors to evaluate whether to set aside a default: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Raimondo v. Village of Armada*, 197 F. Supp. 2d 833, 837 (E.D. Mich. 2002). The Court must consider all three factors, but when the first two factors weigh in favor of setting aside the default, it is an abuse of discretion for the district court to deny the motion absent willful failure on the part of the defendant to appear and plead. *Id.* (citing *Shepard Claims Service, Inc.*, 796 F.2d at 194). Moreover, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Resolution of a case on the merits is preferable to default judgment. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

The Court finds there will be no prejudice to plaintiff in allowing this action to proceed on the merits. First, as discussed in detail above, defendant was not properly served. Second, defendant filed an appearance and moved to set aside the default upon learning of the lawsuit. Third, defendant's conduct has not added to any delay since the Court's order to show cause why the case should not be dismissed for improper service was issued days before defendant's counsel filed his appearance. Mere

- 6 -

delay in the satisfaction of the plaintiff's claim is not prejudicial. *United Coin Meter Co.*, 705 F.2d at 845 (6th Cir. 1983). Moreover, the Court finds no culpable conduct by defendant. Rather than filing a motion to dismiss for insufficient service of process, defendant filed a motion to set aside entry of default so the case can move forward. Defendant has not thwarted judicial proceedings or acted with reckless disregard. *Shepard Claims*, 796 F.2d at 194.

Finally, "[i]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Majic Window Co. v. Milgard Windows*, 2006 WL 2645005 (E.D. Mich. 2006) (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996)). Defendant meets this minimal requirement by the assertions in Mr. Alasad's Affidavit. Plaintiff's claims arise from a dispute over tips between herself and another waitress that became violent. Plaintiff alleges that she was constructively discharged because she is African American, while the other waitress, who is Caucasian, was not disciplined. Alasad avers that he does not tolerate violence in the workplace and terminated the other employee, while offering plaintiff a position in another location.

The Court finds that all three factors weigh in favor of setting aside

the default. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's motion for entry of default judgment (ECF No. 9) is DENIED.

IT IS HEREBY FURTHER ORDERED that defendant's motion to set aside the default (ECF No. 15) is GRANTED.

IT IS HEREBY FURTHER ORDERED that defendant's answer to the complaint is due on or before <u>October 3, 2023</u>.

IT IS SO ORDERED.

Dated:  September 13, 2023

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 13, 2023, by electronic and/or ordinary mail.

<u>s/Michael Lang</u>
Deputy Clerk

---